FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -1 AM 10: 14

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAURICE WARNER | CIVIL ACTION |
| versus | No. 04-2789 |
| UNITED STATES OF AMERICA | SECTION: I/4 |

### ORDER AND REASONS

Before the Court is a motion in limine to exclude the testimony of plaintiff's marine liability expert, Captain John C. Manders, filed on behalf of defendant, the United States of America.[1]  Because the witness is not qualified by knowledge, skill, experience, training, or education to testify as an expert, and because the testimony of Manders will not assist the trier of fact, the Court grants defendant's motion.

Plaintiff, Maurice Warner, alleges that on or about April 5, 2004, he sustained injuries while assigned to the task of stacking five-gallon cans of paint weighing approximately sixty pounds on shelves in a storage locker on the U.S. Naval Ship MENDONCA.[2]  At the time of the incident, plaintiff was employed

---

[1] Rec. Doc. No. 15.

[2] Rec. Doc. No. 1; Rec. Doc. No. 15.

as an able seaman by Patriot Contract Service, LLC, a civilian contractor with the U.S. Navy, on the USNS MENDONCA.[3] On October 12, 2004, plaintiff filed this action against the United States of America pursuant to the Suits in Admiralty Act, 46 U.S.C. app. § 741-52, and the Public Vessels Act, 46 U.S.C. app. § 781-90.[4] Plaintiff has retained Captain John C. Manders as a marine liability expert. Manders is an experienced captain who has, over a forty-six year period, supervised the type of activity in which plaintiff was engaged.[5] Defendant now seeks to exclude Manders from testifying as an expert at trial. This case is set for trial without a jury.

Expert testimony is admissible at trial if it "will assist the trier of fact to understand the evidence or to determine a fact in issue," and if the witness is "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702.[6] In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court interpreted Rule 702 as requiring the trial judge

---

[3] Rec. Doc. No. 1; Rec. Doc. No. 15.

[4] Rec. Doc. No. 1.

[5] Rec. Doc. No. 21.

[6] Rule 702 states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

to ensure that an expert's testimony is both reliable and relevant to the case at hand. 509 U.S. 579, 589, 113 S. Ct. 2786, 2795, 125 L. Ed. 2d 469 (1993). Although *Daubert* specifically addressed scientific testimony, the Supreme Court has held that the trial court's gatekeeping obligation applies to nonscientific expert testimony as well. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 148, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238 (1999). "The question of admitting expert testimony often does not implicate the classic *Daubert* analysis in which the judge must distinguish between junk science and legitimate, *reliable* expertise. Instead, often . . . the Court is confronted with a more modest solution of whether the fact finder's informed evaluation of certain factors depend on expert assistance, or, simply implicate a common sense assessment . . . ." *McNabb v. Graham Gulf, Inc.*, No.Civ.A. 03-2904, 2005 WL 1038024, *2 (E.D. La. Apr. 27, 2005).

Defendant argues that Manders will testify on matters of common knowledge and, therefore, his testimony will not help the Court. Defendant also contends that Manders is not qualified to testify regarding "kinesiology, biomechanics or medicine," i.e., the risk of strain on the body caused by lifting paint cans of a certain weight and/or the physical need to wear a back brace while lifting.

In his expert report, drafted after reviewing various

accident reports, plaintiff's deposition, and personnel files, Manders concluded that plaintiff sustained his injuries while repeatedly lifting paint cans where the risk of injury should have been obvious to plaintiff's supervisors, and that plaintiff's injury was due in no part to any action or inaction on the part of plaintiff.[7] The Court agrees with defendant that Manders is not qualified as an expert to testify about matters related to medicine, biomechanics, kinesiology, ergonomics, and/or occupational safety, and to the extent Manders's report contains opinions based on his frequent supervision of safe stowage of paint cans, the Court finds that his testimony will not assist the trier of fact because the situation can adequately be assessed using common sense and general knowledge.

The essence of Manders's expert report is that plaintiff's injuries were caused by stowing paint cans which required him to repeatedly lift approximately sixty pounds above his shoulders. If specialized knowledge or experience is required to determine whether plaintiff was unreasonably charged with lifting heavy objects above a certain height, plaintiff has not shown that Manders's experience qualifies him as an expert in this area. Manders, an experienced captain, is simply not qualified as an expert in the field within which he seeks to testify. Moreover, the Court concludes that expert testimony is not required merely

---

[7] Expert Report of Manders, pp. 1-2.

because this case arises from an incident which occurred on board a vessel "in the confined areas of a ship's closet or hold."[8]

For the above and foregoing reasons, **IT IS ORDERED** that defendant's motion in limine to exclude the expert testimony of Captain John C. Manders is **GRANTED**.

Houston, Texas, November 29, 2005.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[8] Rec. Doc. No. 21, p. 3.